UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA for the Use
and Benefit of BROOKS BROTHERS
PAINTING OF ROCHESTER, INC.,

                Plaintiff,

v.

AMBUILD COMPANY, LLC, GLOBAL
URBAN ENTERPRISES, L.L.C., and
LIBERTY MUTUAL INSURANCE
COMPANY,

                Defendants.

Civil Action No. _____

---

## COMPLAINT

Plaintiff, the United States of America, for the use and benefit of Brooks Brothers Painting of Rochester, Inc., by and through its undersigned attorney, alleges as follows:

### JURISDICTION

1.    This Court has subject matter jurisdiction pursuant to the 28 U.S.C. §1331 and the provisions of the "Miller Act," 40 U.S.C. §§3131-3134 (formerly 40 U.S.C. §§270a-270d).

### VENUE

2.    Venue is proper in the Western District of New York pursuant to the Miller Act (40 U.S.C. §3133(b)(3)(B)) since the project is located in Steuben County at the Bath VA Medical Center in Bath, New York.

### PARTIES

3.    Plaintiff Brooks Brothers Painting of Rochester, Inc. ("Plaintiff") is a corporation organized and existing under the laws of the State of New York, with its principal place of

business located at 200 Buell Road, Suite C-10, Rochester, New York 14624. Plaintiff brings this Miller Act suit in the name of the United States of America for the use and benefit of Brooks Brothers Painting of Rochester, Inc. in accordance with 40 U.S.C. §3133(b)(3)(a). Plaintiff brings its State law claims in its own name.

4. Defendant AmBuild Company, LLC, ("Ambuild") is a domestic limited liability company LLC with a principal place of business located at 6605 Pittsford Palmyra Road, Suite E 10, Fairport, New York 14450.

5. Defendant Global Urban Enterprises, L.L.C. ("GUE") is a Pennsylvania limited liability company formed by the merger of Ambuild Company, LLC and Global Urban Enterprises, L.L.C. by Certificate of Merger filed on December 27, 2017 with the New York Department of State, and with a principal place of business located at 6605 Pittsford Palmyra Road, Suite E 10, Fairport, New York 14450. Ambuild and GUE are referred to collectively herein as "Ambuild."

6. Defendant Liberty Mutual Insurance Company ("Liberty") is an insurance corporation organized and existing under the laws of the State of Massachusetts with a principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

## STATEMENT OF FACTS

7. On or about March 25, 2016 Ambuild entered into prime Contract No. VA528-16-C-0002 ("Prime Contract") with the United States of America, Department of Veterans Affairs ("VA") for the renovation of CLC2, Building 78 for a Community Living Center at the Bath VA Medical Center, in Bath, New York ("Project").

2

8. Ambuild obtained Miller Act Payment Bond No. 837067129 (hereinafter the "Bond") from defendant Liberty in the amount of $7,022,058.00 ("Penal Sum") as required by the VA.

9. In the Bond, Liberty agreed to be firmly bound in the Penal Sum to the United States of America, jointly and severally with Ambuild, to make payment to all persons having a direct contractual relationship with Ambuild, or to any subcontractor of Ambuild, for furnishing labor, materials, or both, in the prosecution of the work required by the Prime Contract.

10. On or about April 5, 2016, Ambuild entered into a Subcontract with Plaintiff in the amount of $110,900, plus change order(s) in the amount of $6,494, to furnish labor and materials for interior and exterior painting at the Project site.

11. Plaintiff fully performed its obligation under the Subcontract until it was wrongfully terminated by Ambuild on December 18, 2017.

12. During the course of the Project, Plaintiff regularly invoiced Ambuild for work performed. At the time it was wrongfully terminated, a total of $52,355.47 remained due and owing under the Subcontract for work performed through December 14, 2017, consisting of the following amounts: $360 from Payment Application #1; $900 from Payment Application #5; $1,199.99 from Payment Application #9; $31,411.48 from Payment Application #10; $7,494 from Payment Application #11; and $10,990 from Payment Application #12.

13. All conditions precedent necessary for Plaintiff to be paid have been performed and occurred.

14. Ambuild materially breached its obligations under the Subcontract by failing to pay Plaintiff for work performed.

15. Upon information and belief, Ambuild benefitted from the work Plaintiff completed when it was paid for said work by the VA.

16. Ambuild's failure to perform its obligations under the Subcontract caused Plaintiff to be damaged in the amount of $52,355.47.

17. More than ninety (90) days have passed since Plaintiff completed its work on the Project. Plaintiff provided notice of its claim for payment to Ambuild and liberty within ninety (90) days of completing its work. Plaintiff has satisfied all conditions necessary to pursue a claim under 40 U.S.C. §3133.

## COUNT ONE - MILLER ACT PAYMENT BOND

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Liberty is obligated, pursuant to the Bond, to pay Plaintiff for the labor and materials furnished in the prosecution of the work provided for in the Prime Contract and for which Ambuild failed to make payment.

20. Liberty has failed to fulfill its obligation under the Bond to pay Plaintiff for labor and materials furnished in the prosecution of the work provided for in the Prime Contract, and for which Ambuild failed to make payment.

21. Plaintiff is entitled to payment from Liberty pursuant to the Miller Act, 40 U.S.C. §3133, for all amounts due under the Subcontract.

22. Plaintiff demands judgment against Ambuild and Liberty jointly and severally, for $52,355.47, with interest from the dates of demand, costs and attorney's fees, and such other relief as this Court deems just and proper.

## COUNT TWO - BREACH OF CONTRACT

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff successfully completed the Subcontract work for which it invoiced.

25. Ambuild has materially breached the Subcontract by failing and refusing to pay Plaintiff for work performed.

26. As a direct result of Ambuild's breach, Plaintiff been damaged in the amount of $52,355.47, plus interest, costs and attorney's fees.

## COUNT THREE - BREACH OF CONTRACT

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff completed the Subcontract work for which it invoiced, but was improperly terminated, without justification, prior to completion of the Subcontract.

29. Ambuild has materially breached the Subcontract by its wrongful termination of Plaintiff.

30. As a direct result of Ambuild's breach, Plaintiff been damaged in the amount of $52,355.47, plus interest, costs and attorney's fees.

## COUNT FOUR - QUANTUM MERUIT

31. Plaintiff repeats the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff provided valuable materials and labor necessary for Ambuild to perform and complete its obligations under the Subcontract.

33. Ambuild benefitted from Plaintiff's labor and materials, including but not limited to the fact that Ambuild could not have completed its obligations under the Prime Contract

absent the labor and materials provided by Plaintiff. It would be unjust for Ambuild to retain this benefit without compensating Plaintiff.

34. Ambuild has failed and refused to pay Plaintiff for the labor and materials provided to Ambuild.

35. Plaintiff has suffered damages, and Ambuild has been unjustly enriched, in the amount of $52,355.47 as a result of Ambuild's failure to pay Plaintiff for the labor and materials provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

i. Upon its First Cause of Action, Plaintiff demands judgment against Ambuild and Liberty, jointly and severally, in the amount of $52,355.47, with interest from the date of demand, costs and attorney's fees, and such other relief as this Court deems just and proper;

ii. Upon its Second Cause of Action, Plaintiff demands judgment against Ambuild in the amount of $52,355.47, with interest from the date of the demand, costs and attorney's fees, and such other relief as this Court deems just and proper;

iii. Upon its Third Cause of Action, Plaintiff demands judgment against Ambuild in the amount of $52,355.47, with interest from the date of demand, costs and attorney's fees, and such other relief as this Court deems just and proper;

iv. Upon its Fourth Cause of Action, Plaintiff demands judgment against Ambuild in the amount of $52,355.47, with interest from the date of demand, costs and attorney's fees, and such other relief as this Court deems just and proper.

Dated: November 20, 2018                s/ Kevin M. Cox
                                        Kevin M. Cox
                                        CAMARDO LAW FIRM, PC
                                        *Attorney for Plaintiff Brooks Brothers*

*Painting of Rochester, Inc.*
127 Genesee Street
Auburn, New York 13021
Tel: (315) 252-3846
Fax: (315) 252-3508
Email: <u>kevincox@camardo.com</u>